UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DANA TATE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5:19-097-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Respondents. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Dana Tate is confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Tate has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the calculation of his sentence. [Record No. 1] The matter is before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In 2007, Tate pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The trial court sentenced him to 180 months in prison. *United States v. Dana Tate*, No. 2:06-CR-321 at Record Nos. 11, 21 (E.D. Wis. 2007). Tate is currently projected to be released from the custody of the Federal Bureau of Prisons ("BOP") on December 22, 2019. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited on March 12, 2019).

Tate argues in his § 2241 petition that, in light of the First Step Act of 2018, the BOP should immediately recalculate his sentence to allow him to take advantage of amendments affecting the manner in which good conduct time credits are calculated. The First Step Act

-1-

which was enacted on December 21, 2018, amended 18 U.S.C. § 3624(b)(1) to change the manner in which credits are calculated by increasing the maximum allowable good conduct time from 47 to 54 days per year. According to Tate, the changes made by the First Step Act would result in a credit to him of 146 days of good conduct time. [Record No. 1 at 5] He seeks an order directing the BOP to immediately recalculate his time in accordance with the amendments of the First Step Act.

The Court will deny Tate's petition for two reasons. First, Tate indicates that he has not taken steps to formally exhaust his administrative remedies within the BOP. [*Id.* at 2-3] While Tate claims that such exhaustion "is not necessary" and suggests he "do[es] not have enough time" to exhaust administrative remedies, the United States Court of Appeals for the Sixth Circuit has repeatedly held that a prisoner must fully exhaust his remedies within the BOP before he may seek habeas relief under § 2241. *See, e.g., Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231-33 (6th Cir. 2006). This requirement ensures that the agency has an opportunity to review and revise its actions before litigation is commenced. And this preserves judicial resources as well as administrative autonomy and also ensures that a court reviewing the agency's final action does so based upon a developed and complete evidentiary record. *See Noriega-Lopez v. Ashcroft*, 335 F. 3d 874, 881 (9th Cir. 2003); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996). In this case, the BOP may ultimately award Tate the credit he seeks. Nevertheless, he must first provide prison officials notice of the issue so that they have the opportunity to resolve the matter and potentially avoid litigation.

Second, even if Tate had exhausted his administrative remedies, the Court would deny the relief sought. Tate is correct that Section 102(b)(1) of the First Step Act of 2018, Public Law 115-391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed, effectively abrogating *Barber v. Thomas*, 560 U.S. 474 (2010). However, as Tate concedes, this provision has not yet taken effect. Section 102(b)(2) of the Act provides that the amendments made in subsection 102(b) take effect only when the Attorney General completes the "risk and needs assessment system" required by Section 101(a). And Section 101(a) does not require completion of the system until 210 days after the Act's enactment. Thus, Section 102(b)(1) will not take effect until approximately July 2019.

Although Tate may be frustrated with this process, this Court applies the law as it is written. As another federal court recently stated, "Congress chose to delay the implementation of the First Step Act's amendments until the Attorney General could complete the risk and needs assessment. The Court has no power to rewrite or disregard the statute in order to accommodate Petitioner's situation." *Shah v. Hartman*, No. 1:18-cv-7990 at Record No. 12 at 4 (N.D. Ill. Jan. 3, 2019).

For the reasons outlined above, Tate has failed to establish a right to habeas relief. Accordingly, it is hereby

**ORDERED** as follows:

1. Petitioner Dana Tate's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: March 12, 2019.



Signed By: *Danny C. Reeves*
United States District Judge